NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3215

ABDEL A. INNOCENT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Abdel A. Innocent, of Spring Valley, New Jersey, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Stephanie M. Conley, Acting Assistant General Counsel.  Of counsel was Joseph A. Pixley, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC,

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3215

ABDEL A. INNOCENT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in NY0731070274-I-1.

_____

DECIDED: October 8, 2008

_____

Before BRYSON, LINN, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Abdel A. Innocent ("Innocent") petitions for review of a final decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely. Innocent v. Office of Pers. Mgmt., NY-0731-07-0274-I-1 (M.S.P.B. Mar. 28, 2008) ("Final Decision"). Because Innocent has failed to identify any basis for us overturn the Board's decision, we affirm.

Innocent was a custodial worker with the U.S. Army Garrison in West Point, New York. He was terminated on November 16, 2006, after the Office of Personnel Management discovered that he had made intentional false statements concerning his criminal history. Specifically, Innocent answered "no" to an employment application

question asking whether he had been convicted, imprisoned, on probation, or on parole during the preceding ten years. In fact, he had been convicted twice, put on probation once, and incarcerated twice during that period.

Innocent appealed his termination to the Board on June 22, 2007, and the Board dismissed his appeal as untimely in an initial decision dated September 27, 2007. Innocent v. Office of Pers. Mgmt., NY-0731-07-0274-I-1 (M.S.P.B. Sept. 27, 2007). Innocent filed a petition for further review on November 24, 2007—fifty-eight days after the initial decision. The Board dismissed the petition for further review as untimely, because it was filed more than thirty-five days after the initial decision issued, with no showing of good cause for the delay. Final Decision at 1. Innocent petitions for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

"Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Pursuant to 5 C.F.R. § 1201.114(d), "[a]ny petition for review must be filed within 35 days after the date of issuance of the initial decision [unless] the petitioner shows that the initial decision was received more than 5 days after the date of issuance." Innocent does not dispute that he filed the petition for review later than thirty-five days

after the Board issued its initial decision, and he has not argued that he received the decision more than five days after it issued. His petition is therefore untimely under 5 C.F.R. § 1201.114(d).

The Board has the authority to waive the filing deadline for a petition for review on a showing of good cause for the untimely filing. Id. § 1201.114(f). "The [B]oard has held that to establish good cause, the [petitioner must show] that the delay was excusable under the circumstances where diligence or ordinary prudence had been exercised." Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992).

Innocent argued to the Board that his failure to file a timely petition should be excused because he was confused about the filing deadline and because he was unable to obtain counsel. The Board rejected both arguments, reasoning that the initial decision clearly informed Innocent of the deadline for filing a petition for review, and that Innocent's inability to obtain counsel could not excuse his untimely filing. Final Decision at 4-5. The Board therefore concluded that Innocent had failed to show good cause for his untimely petition. Id. at 5. Innocent has not identified any reason for us to disturb the Board's judgment.

Because the remainder of Innocent's arguments on appeal concern the merits of his underlying claim—which are not before us—rather than the Board's determination

that his petition for review was untimely, we need not and do not address those arguments. We <u>affirm</u> the decision of the Board.