**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROYCE GIDDINGS,
                    Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
CH-0752-14-0523-I-1

DATE: October 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles Crenshaw, Bedford Park, Illinois, for the appellant.

Maryl R. Rosen, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On January 15, 2014, the agency proposed removing the appellant, who is preference eligible, from his Laborer Custodial position for attendance-related misconduct. Initial Appeal File (IAF), Tab 1 at 1, 12-14. On January 30, 2014, the appellant's union filed a grievance on his behalf challenging the notice of proposed removal. *Id.* at 15. On February 13, 2014, the agency issued its decision to remove the appellant effective February 25, 2014. IAF, Tab 5 at 9-12. The letter notifying the appellant of the agency's decision to remove him explained the appellant's appeal rights to the Board, including the applicable time limits for filing a Board appeal challenging his removal. *Id*. at 11. The agency mailed the decision letter via regular mail, express mail, and priority mail to the appellant's address of record. *Id.* at 12. The decision letter sent by express mail was delivered to the appellant's address of record and signed for by someone at that address on February 14, 2014. *Id.* at 13. On April 11, 2014, the agency denied the appellant's grievance at step 2 of the parties' negotiated grievance

procedure. IAF, Tab 1 at 15-18. The appellant's union representative received that decision on April 20, 2014. *Id.* at 18.

¶3        On May 5, 2014, the appellant filed an appeal of his removal with the Board.[2] IAF, Tab 1 at 19; *see* 5 C.F.R. § 1201.4(*l*) (the date of filing by mail is determined by the postmark date). The agency filed a motion to dismiss the appeal as untimely. IAF, Tab 5. The administrative judge then issued an order in which she notified the appellant of the timeliness issue and ordered him to file evidence and/or argument demonstrating either that his appeal was timely filed or that good cause existed for the filing delay. IAF, Tab 6.

¶4        In response, the appellant asserted that he never received the decision letter, his representative did not receive a copy of the decision letter until April 20, 2014, and he filed the appeal within 30 days after he became aware of the letter. IAF, Tab 7 at 2, 7; *see id.* at 4, 6. He also contended that he does not know the person who signed for the letter delivered by express mail and he did not authorize anyone to sign for his mail. *Id.* at 1, 7. In response to the agency's motion to dismiss, the appellant contended that, because the agency delivered the letter that required a signature to the wrong addressee, it could have delivered the other two copies of the decision letter to the wrong addressee and wrong address. IAF, Tab 11.

¶5        In a July 14, 2014 initial decision, the administrative judge dismissed the appeal without holding the requested hearing, concluding that: (1) the appellant's appeal was untimely filed; and (2) the appellant failed to show good cause for the untimely filing. ID at 2-5. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5.

---

[2] Due to an apparent inadvertent error, in the first paragraph of the initial decision and the second paragraph of the section of the decision entitled "TIMELINESS," the administrative judge states that the appellant filed this appeal on April 24, 2014, which is the date that the appellant signed his Board appeal form. IAF, Tab 12, Initial Decision (ID) at 1, 2; *see* IAF, Tab 1 at 5-6.

**ANALYSIS**

<u>The administrative judge correctly found that this appeal is untimely.</u>

¶6        Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  An appellant is responsible for keeping the agency informed of his current home address for purposes of receiving the agency's decision, and correspondence that is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee.  5 C.F.R. § 1201.22(b)(3).  The presumption of receipt may be overcome under the circumstances of a particular case, however.  *Id.*

¶7        Based on our review of the record, we agree with the administrative judge that the evidence presented by the agency gives rise to a presumption that the notice of removal was delivered to and received by the appellant.  ID at 4.  In addition to the receipt showing that the decision letter sent via express mail was signed for by someone at the appellant's address on February 14, 2014, IAF, Tab 5 at 13, the agency presented a declaration made under penalty of perjury by the agency employee, who mailed three decision letters to the appellant's address, and tracking information showing that the decision letter was delivered to the appellant's address of record prior to the effective date of the appellant's removal, IAF, Tab 10 at 7-9, 14-18.  More specifically, this tracking information shows that the letter sent via express mail was delivered to the appellant's address on February 14, 2014, and the letter sent via priority mail was delivered to the appellant's address on February 18, 2014.  *Id.* at 14-18.  Further, in her sworn declaration, the agency employee who mailed the decision letters states that the letter sent by regular mail was never returned.  *Id.* at 8.

¶8        In assessing whether the appellant rebutted the presumption of receipt, the administrative judge considered the appellant's statements that he does not know the person who signed for the letter sent via express mail and he did not receive

any of the three mailed copies of the decision letter. ID at 4. The administrative judge found that these statements were insufficient to overcome the presumption of delivery and receipt, and she rejected as implausible the appellant's claim that the fact that someone he does not know signed for the decision letter sent by express mail means that the other two decision letters could have been sent to the wrong address and addressee. ID at 4. The administrative judge noted that the appellant has never disputed that the letters bore the correct address and she found this claim insufficient to overcome the documentary proof submitted by the agency that these letters were delivered to the appellant's address of residence. ID at 4.

¶9    The appellant appears to challenge this finding on review, reiterating his contention that he never received the decision letter and that the letter sent via express mail was signed for by an unknown person. PFR File, Tab 1 at 1-2. He further argues that, because an unknown person intercepted the decision letter sent by express mail, "it can be presumed" that the same person could have intercepted the other letters that were sent on the same day. *Id.* at 3.

¶10    We find this argument unpersuasive. We find it implausible that someone unknown to the appellant "intercepted" and signed for the decision letter that was sent via express mail and delivered to the appellant's address of record, let alone that the other two decision letters sent to the appellant's address by different methods would also have been intercepted. Further, regarding the appellant's contention that "it can be presumed" that the same person who signed for the express mail delivery on February 14, 2014, also intercepted that other two decision letters because all three letters were mailed on the same day, we note that the tracking information shows that the three letters did not arrive on the same day, as the decision letter sent via express mail was delivered to the appellant's address on February 14, 2014, whereas the decision letter sent via priority mail was delivered to the appellant's address on February 18, 2014. *See* IAF, Tab 10 at 14-18. Although the appellant alleges that he never received the

notice of removal,[3] IAF, Tab 7 at 7, he has not provided any evidence to support his claim that he did not receive the decision letter when it was delivered to his address of record on February 14, 2014, and February 18, 2014, *see* IAF, Tab 10 at 14-18. Thus, the appellant has failed to rebut the presumption of receipt of the removal notice where it was both duly delivered to his address of record and signed for there. IAF, Tab 5 at 13, Tab 10 at 14-18; *see* 5 C.F.R. § 1201.22(b)(3). Therefore, we agree with the administrative judge that the filing deadline for this appeal was March 27, 2014, (i.e., 30 days after February 25, 2014, the effective date of the removal) and the appellant's May 5, 2014 appeal was therefore untimely by 39 days. ID at 2.

The administrative judge correctly found that the appellant failed to establish good cause for his untimely filing.

¶11    The Board may waive its regulatory filing time limit for good cause shown. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of his appeal, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of

---

[3] With his petition for review, the appellant submits a sworn statement dated July 31, 2014, in which he asserts that he never received a copy of the decision letter via mail. PFR File, Tab 1 at 3. The Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained therein were unavailable before the record closed despite due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). The appellant has made no showing that the information in this document was unavailable before the record closed despite his due diligence. Therefore, we have not considered this document. *Avansino*, 3 M.S.P.R. at 214.

circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996).

¶12 Applying these factors, the administrative judge found that the 39-day filing delay is not insignificant. ID at 5 (citing *Innocent v. Office of Personnel Management*, 108 M.S.P.R. 453, ¶ 9, *aff'd*, 296 F. App'x 925 (Fed. Cir. 2008) (Table); *Eaglehart v. U.S. Postal Service*, 102 M.S.P.R. 672, ¶ 8 (2006)). The administrative judge further found that the appellant's explanation for the delay (i.e., that he did not receive any of the three letters of decision sent to his correct address) is not plausible. ID at 5. The administrative judge noted that the appellant was not pro se but, rather, was represented by his union in both his grievance and this appeal. ID at 5. The administrative judge also found that the appellant failed to present any evidence of unavoidable casualty or misfortune that shows a causal relationship to his inability to timely file. ID at 5. In addition, the administrative judge noted that the Board has specifically ruled that waiting to file an appeal with the Board until after a decision is rendered on a grievance of the same issue is not good cause for waiving the filing deadline. ID at 5 (citing *McNeil v. U.S. Postal Service*, 98 M.S.P.R. 18, ¶ 10 (2004); *Eaglehart*, 102 M.S.P.R. 672, ¶ 9). Thus, the administrative judge found that the appellant had failed to show good cause for his untimely filed appeal. ID at 5. We discern no reason to disturb this finding.

¶13 Accordingly, we find that the administrative judge correctly dismissed the appellant's appeal as untimely filed without a showing of good cause.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.