# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KATHY MOORE HALL,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-16-0124-I-1 |
| 　　　v. | |
| DEPARTMENT OF LABOR,<br>　　　　　Agency. | DATE: September 14, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathy Moore Hall, Greenbelt, Maryland, pro se.

Jamila B. Minnicks, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to dismiss the appellant's individual right of action (IRA) appeal for lack of jurisdiction because she failed to establish that she exhausted her administrative remedies before the Office of Special Counsel (OSC), we AFFIRM the initial decision.

### BACKGROUND

¶2      The appellant filed a Board appeal in which she appeared to allege that the agency retaliated against her for filing grievances and an equal employment opportunity (EEO) complaint and making protected disclosures by issuing her a false performance appraisal, denying her a contracting officer warrant, denying her leave, and harassing and stalking her until she was forced to resign. Initial Appeal File (IAF), Tab 1 at 6-8. In her appeal, the appellant referenced a September 2, 2015 letter from OSC and stated that she had received a response from OSC informing her that it would not pursue her complaint, but she did not submit a copy of OSC's letter. *Id.* at 6.

¶3      Because it was not clear from the appellant's submission which type of appeal she was raising, the administrative judge issued a jurisdictional order informing the appellant of her jurisdictional burden concerning both an IRA appeal and an involuntary resignation appeal. IAF, Tab 3. In response, the

appellant submitted various documents relating to her grievances and EEO complaint, without substantively addressing the Board's jurisdiction. IAF, Tab 8.

¶4 The agency moved to dismiss the appeal for lack of jurisdiction, asserting that the appellant's conclusory allegations failed to amount to nonfrivolous allegations that her resignation was involuntary and that she failed to present any evidence showing that she had exhausted her administrative remedies with OSC. IAF, Tab 5 at 7, Tab 6 at 12-16.

¶5 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID). The administrative judge found that the appellant failed to nonfrivolously allege that her working conditions were so intolerable that a reasonable person would have felt compelled to resign. ID at 5-7. In particular, she found that, even taking as true the appellant's vague and conclusory claims that because of discrimination and retaliation she did not receive a contracting officer warrant, was denied leave for doctor's appointments related to her Office of Workers' Compensation Program (OWCP) claim, and received an inaccurate performance appraisal, such claims failed to amount to nonfrivolous allegations that her working conditions were so intolerable that a reasonable person would have felt compelled to resign. ID at 5.

¶6 Regarding the appellant's performance appraisal, the administrative judge noted that the appellant received an effective rating throughout her tenure with the agency, her rating in the specific elements rose from her initial rating, and her performance rating did not result in a performance-based action or the denial of a within-grade increase. ID at 5-6. As to the appellant's claim that she was denied leave hours for OWCP-related appointments, the administrative judge found that the agency's failure to provide the requested leave did not constitute a nonfrivolous allegation that the agency created a hostile work environment because OWCP, not the agency, makes the determinations regarding the appellant's entitlement to such benefits. ID at 6.

¶7    The appellant has filed a petition for review in which she asserts that she does not understand the appeal process and the administrative judge erred in not affording her sufficient time to secure legal representation.  Petition for Review (PFR) File, Tab 1 at 1.  The agency has filed a response in opposition to the appellant's petition.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    The appellant does not dispute the administrative judge's findings that she failed to nonfrivolously allege that the agency rendered her working conditions so intolerable that a reasonable person would have felt compelled to resign, and we discern no reason to disturb the administrative judge's findings.[2]

¶9    Although the administrative judge indicated that the appellant was potentially raising an IRA appeal and provided notice regarding how to establish Board jurisdiction over an IRA appeal, IAF, Tab 3 at 1, 5-11, she did not address this claim in the initial decision.  Any error, however, does not provide a basis for review, because as set forth below we find that the appellant failed to establish Board jurisdiction over her claims as an IRA appeal.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶10   Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust her administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal.  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).  An appellant filing an IRA appeal has not exhausted her OSC remedy unless she has filed a complaint with OSC and either

---

[2] The appellant's general assertion on review that some of the information contained in the initial decision is inaccurate, PFR File, Tab 1 at 1, does not establish a basis for reversal because she has not explained which factual findings are inaccurate and has not identified any specific evidence in the record that demonstrates that such findings are inaccurate.  *See* 5 C.F.R. 1201.115(a).

OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). To satisfy the exhaustion requirement, the appellant must inform OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Mason*, 116 M.S.P.R. 135, ¶ 8. To establish Board jurisdiction over an IRA appeal, the appellant must prove exhaustion with OSC, not just present nonfrivolous allegations of exhaustion. *Id.*, ¶ 9. She may meet this burden by, among other things, providing her OSC complaint, any amendments to the complaint, OSC's correspondence discussing the claims, and her responses to OSC's correspondence discussing the claims. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010). The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Mason*, 116 M.S.P.R. 135, ¶ 8.

¶11        Here, the appellant failed to provide any evidence or argument establishing that she exhausted her administrative remedies with OSC. Nor does she address the issue of OSC exhaustion on review. Because the appellant has failed to establish exhaustion before OSC as to any of the disclosures raised in her Board appeal, the Board lacks jurisdiction over the appeal. *See Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶¶ 9-12 (2008) (dismissing an IRA appeal for failure to exhaust when the appellant's evidence of exhaustion did not show that he raised before OSC the same issues raised in his appeal), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009).

¶12        On review, the appellant argues that the administrative judge abused her discretion by failing to afford her sufficient time to retain an attorney. PFR File, Tab 1 at 1. She asserts that she did not understand the appeal process and believes she has been taken advantage of and needs legal representation, but cannot afford an attorney. *Id.* She also contends that she was forced to file her

appeal because of OSC's deadline, which did not allow her sufficient time to seek legal counsel. *Id.*

¶13      Although the Board has found it appropriate at times to dismiss an appeal without prejudice while an appellant seeks representation, *see, e.g.*, *Cloonan v. U.S. Postal Service*, 70 M.S.P.R. 226, 227-28 (1996), there are no Board regulations specifically governing the dismissal of an appeal without prejudice; rather, the dismissal of an appeal without prejudice is a procedural option that is committed to the sound discretion of the administrative judge, *Henry v. Department of Veterans Affairs*, 110 M.S.P.R. 213, ¶ 6 (2008).

¶14      The record below reflects that the appellant filed a pleading in which she stated that she wished to "cancel/withdraw" her appeal until she could obtain legal counsel. IAF, Tab 10 at 3. In response, the administrative judge issued a show cause order advising the appellant that withdrawing her appeal is an act of finality and notifying her that if she chose to withdraw her appeal she would not be able to reinstate it at a later time. IAF, Tab 11. The appellant responded to the show cause order indicating again that she wanted to cancel/withdraw her appeal because she had filed it pro se to meet the filing deadline but that, inasmuch as the appeal process was difficult to follow, it was in her best interest to seek counsel, and she had a right to be represented. IAF, Tab 13 at 2. She further indicated, however, that she was not in a position to hire legal counsel. *Id.* Because the appellant's assertions reflected a desire to pursue her appeal, the administrative judge did not dismiss the appeal as withdrawn.

¶15      Under these circumstances, we find that the administrative judge did not abuse her discretion by failing to dismiss the appeal without prejudice. While it is clear that the appellant has a statutory right to be represented by an attorney or other representative under 5 U.S.C. § 7701(a)(2), it is the appellant's—not the Board's—obligation to secure representation. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). Here, the appellant did not indicate below that she was seeking representation or intended to do so in the

foreseeable future. To the contrary, she explicitly stated that she was not in a position to hire an attorney. IAF, Tab 13 at 2. Further, the appellant had almost 5 months from the date she filed her initial appeal to obtain legal or other representation before the administrative judge issued the initial decision. The appellant also has not obtained an attorney or other type of representative to represent her on review.

¶16    To the extent the appellant argues that she cannot afford an attorney, PFR File, Tab 1 at 1, with an exception not applicable to the circumstances involved in this appeal,[3] it is well settled that there is no law, rule, or regulation requiring the Board to appoint counsel to represent a party to an appeal, *see, e.g.*, *Innocent v. Office of Personnel Management*, 108 M.S.P.R. 453, ¶ 10, *aff'd*, 296 F. App'x 925 (Fed. Cir. 2008); *Rosado v. Department of the Air Force*, 46 M.S.P.R. 539, 541 n.1 (1991); *Butler v. Office of Personnel Management*, 46 M.S.P.R. 288, 291 n.2 (1990). Likewise, the appellant had the right to secure a representative who was not a lawyer, if she so wished.

¶17    Thus, we find that the administrative judge did not abuse her discretion by not dismissing the appeal without prejudice to refiling.

---

[3] In *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987), the U.S. Court of Appeals for the Federal Circuit remanded a disability retirement appeal to the Board with instructions to formulate a procedure to ensure the presence of a competent conservator or attorney in a case involving "an apparently nonfrivolous claim of past incompetence by one presently incompetent." The Board has determined, however, that the *French* procedures, through which the Board may request pro bono representation of apparently mentally incompetent appellants, do not extend beyond retirement appeals. *See Marbrey v. Department of Justice*, 45 M.S.P.R. 72, 75 (1990).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek

---

[4] The administrative judge afforded the appellant mixed-case appeal rights. ID at 11-13. However, when, as here, the Board lacks jurisdiction over an appeal, we provide notice of nonmixed appeal rights. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1117-19 (2013). In addition, the administrative judge did not afford the appellant notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012. We have provided the appellant the proper review rights here.

review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.