# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GEORGE WEISBROD,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0831-16-0549-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: June 28, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Demetrius Sterling</u>, Birmingham, Alabama, for the appellant.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) to dismiss his request for reconsideration as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to vacate the administrative judge's finding that OPM's dismissal of the appellant's request for reconsideration was not unreasonable or an abuse of discretion, we AFFIRM the initial decision.

## BACKGROUND

¶2    On November 18, 2006, OPM issued the appellant a letter informing him of its determination that he had been restored to earning capacity and that, as a result, he no longer was eligible to receive disability retirement benefits. Initial Appeal File (IAF), Tab 5 at 17-18. In a second letter issued the same day, OPM advised the appellant that his benefits should have terminated as of June 30, 2006, and that, consequently, it had overpaid him disability retirement benefits in the amount of $5,343.32. *Id.* at 19-26. The second letter informed the appellant that he could request reconsideration of OPM's determinations by completing an enclosed form, and either mailing or hand delivering the form to OPM "**within 30 calendar days after the date of [OPM's] letter**." *Id.* at 20-21 (emphasis in original). The letter also explained that OPM would extend the 30-day time limit for filing a request for reconsideration only if the appellant demonstrated that he

was unaware of the time limit or was prevented from responding by a cause beyond his control. *Id.* at 26.

¶3    On February 2, 2016, the appellant submitted correspondence concerning his disability retirement benefits to his Congressman, who forwarded it to OPM for its review on February 24, 2016. IAF, Tab 5 at 7-8. It appears that OPM considered the forwarded February 2, 2016 correspondence as a request for reconsideration of its two November 18, 2006 decisions. *Id.* at 5. On May 3, 2016, OPM issued a final decision dismissing the appellant's request as untimely filed, finding that the appellant had not provided sufficient argument or evidence to justify an extension of the time limit. *Id.* at 5-6.

¶4    The appellant appealed OPM's final decision to the Board. IAF, Tab 1. Because he was appealing an OPM determination that a request for reconsideration was untimely filed, the administrative judge issued an order explaining that the appellant had the burden of proof to show either that he was not notified of the time limit or that circumstances beyond his control prevented him from timely requesting reconsideration. IAF, Tab 11. In response, the appellant discussed the merits of his request for reconsideration and he recounted telephone conversations he had with OPM representatives over the years. IAF, Tab 12.

¶5    In its response to the appeal, OPM provided several documents. IAF, Tab 5. In particular, it provided documentation concerning the appellant's 2016 correspondence with his Congressman, in which he challenged the ongoing collection of the overpayment, *id.* at 8, and requested reinstatement of his disability retirement benefits, *id.* at 12-14. It also provided an August 7, 2007 letter to the appellant's Congressman, in which it claimed that it suspended the collection of the overpayment at issue and informed the appellant of the steps he would need to take to apply for the reinstatement of his disability retirement annuity. *Id.* at 15-16.

¶6 In an initial decision based on the written record, the administrative judge affirmed OPM's decision dismissing the appellant's request for reconsideration as untimely filed. IAF, Tab 13, Initial Decision (ID). He found that the appellant did not demonstrate that OPM failed to notify him of the time limit for filing a request for reconsideration. ID at 2-4. The administrative judge also found that the appellant did not show that he qualified for an extension of OPM's regulatory criteria for filing a reconsideration request and that OPM's dismissal of his February 2, 2016 request for reconsideration on timeliness grounds was not unreasonable or an abuse of discretion. ID at 4.

¶7 The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 4-5. Upon review of the existing record, the Acting Clerk of the Board issued a show cause order for clarification of certain issues, including whether the appellant has sought reinstatement of his disability retirement benefits and whether OPM resumed collection of the overpayment at issue. PFR File, Tab 6. In response to the order, OPM confirmed that, as of the date of its filing, the appellant had not taken the steps necessary to seek reinstatement of his disability retirement annuity and that it had not resumed collection of the overpayment at issue. PFR File, Tab 7 at 4, 6. It also provided the appellant instructions on how to apply for a deferred annuity. *Id.* at 6. In the appellant's response to the order, he describes several unsuccessful attempts to communicate with OPM regarding his desire to reinstate his disability annuity or collect a deferred annuity. PFR File, Tab 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 When OPM dismisses an individual's request for reconsideration of an initial decision as untimely filed, the Board has jurisdiction over an appeal regarding the timeliness determination. *Rossini v. Office of Personnel Management*, 101 M.S.P.R. 289, ¶ 7 (2006). A request for reconsideration of an

initial decision issued by OPM regarding retirement benefits generally must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. § 831.109(e)(1). OPM may extend the time limit for filing a request for reconsideration when the applicant can prove that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from making the request within the time limit. 5 C.F.R. § 831.109(e)(2); *see Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 677 (Fed. Cir. 1990). If the appellant fails to show that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from making the request within the time limit, the issue of whether OPM was unreasonable or abused its discretion in denying his untimely request for reconsideration is not reached. *Azarkhish*, 915 F.2d at 678.

¶9        Here, to be timely, the appellant needed to file a request for reconsideration of OPM's November 18, 2006 decisions by December 18, 2006. IAF, Tab 5 at 21. The appellant has not argued that he was unaware of this deadline. To the extent the appellant's response to the administrative judge's order could be viewed as an argument that his undated telephone conversations with OPM representatives constituted an oral request for reconsideration, IAF, Tab 12, we find such argument unpersuasive. OPM's November 16, 2006 letters informed the appellant that a request for reconsideration could be made by completing a form and submitting it to OPM by hand delivery or mail, which is consistent with its regulations that were in place at that time. IAF, Tab 5 at 21; *see* 5 C.F.R. § 831.1304(b)(1) (2006) (specifying that requests for reconsideration may be made by hand delivery or mail); *see also* 5 C.F.R. § 831.109(d) (2006) (providing that a request for reconsideration must be in writing).

¶10       The appellant states that he is at a disadvantage in pursuing his appeal because of a medical condition. PFR File, Tab 1 at 1. To the extent the appellant is arguing that his medical condition prevented him from making his

reconsideration request by the December 18, 2006 deadline, we note that the appellant stated that this medical condition arose because of an injury sustained in July 2007, and he does not set forth any circumstances—medical or otherwise—that prevented him from making a request for reconsideration between November 18 and December 18, 2006. IAF, Tab 1 at 1, Tab 12 at 2. We find, therefore, that he has not shown that he was prevented by circumstances beyond his control from making the request within the time limit.

¶11 To the extent the appellant argues that he cannot afford an attorney, PFR File, Tab 1 at 2-3, he has designated a representative on review, PFR File, Tabs 1, 5, and he also had designated a representative below, IAF, Tab 9. Moreover, with an exception not applicable to the circumstances involved in this appeal, the Board is without any authority to appoint counsel in an appeal. *See, e.g.*, *Innocent v. Office of Personnel Management*, 108 M.S.P.R. 453, ¶ 10, *aff'd*, 296 F. App'x 925 (Fed. Cir. 2008).

¶12 When, as here, the appellant fails to show that he was not notified of the deadline and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from making the request within the time limit, the appellant is not entitled to a waiver of the time limit and we will not reach the issue of whether OPM was unreasonable or abused its discretion in denying his untimely request for reconsideration. *See Azarkhish*, 915 F.2d at 678. Accordingly, we vacate the administrative judge's finding in this regard and affirm the initial decision with this modification.

¶13 Finally, because we affirm OPM's dismissal of the appellant's reconsideration request as untimely filed, we lack jurisdiction to review the merits of his request or his other grievances against OPM. *See Rossini*, 101 M.S.P.R. 289, ¶ 7.

**NOTICE OF APPEAL RIGHTS[2]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.